UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-297-1-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIE JAMES BEAN, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's Motion to Reduce Sentence [DE-64] pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c) permits a court to modify an imposed term of imprisonment in limited circumstances, including under subsection (2) when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range.[1] The text of Bean's motion, however, reveals that he is seeking a reduction in his sentence pursuant to the statutory amendment to 21 U.S.C. § 841, under the Fair Sentencing Act of 2010, PL 111-220 (S 1789) (Aug. 3, 2010), rather than the November 1, 2010, Emergency Amendment to the advisory Sentencing Guidelines.

To date, the 2010 Fair Sentencing Act amendments to § 841 have not been made retroactive. Therefore, Bean's motion for reduction in his sentence based thereon is DENIED without prejudice to renew it should the statutory amendments be declared retroactive.

SO ORDERED. This the 10th day of November, 2010.

JAMES C. FOX
Senior United States District Judge

---

[1] The Emergency Amendments to the advisory Sentencing Guidelines, effective November 1, 2010, have not been made retroactive as provided by advisory U.S.S.G. § 1B1.10(c). If an amendment is not listed in § 1B1.10(c), it may not be applied retroactively on a § 3582(c)(2) motion. *See United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 2401 (2009); *cf. Dillon v. United States*, ___ U.S. ___, 130 S. Ct. 2683, 2688 (2010) ("*When the Commission makes a Guidelines amendment retroactive*, 18 U.S.C. 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision") (emphasis added).