UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-00297-1-F
No. 5:11-CV-00623-F

| | |
|---|---|
| WILLIE J. BEAN,<br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>      Respondent. | )<br>)<br>)<br>)      <u>ORDER</u><br>)<br>)<br>) |

Now pending before the court in this case are petitioner Willie Bean's ("Bean") Motion to Vacate, Set Aside or Correct his conviction and sentence, pursuant to 28 U.S.C. § 2255 [DE-72], the Government's Motion to Dismiss [DE-85] Bean's § 2255 motion, and Bean's letter Motion for Appointment of Substitute Counsel [DE-89]. There also remains pending a "Motion for Appropriate Correction to the Record [DE-68]. The court construed Bean's November 2, 2011, § 2255 motion [DE-72] as a claim for relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and appointed counsel to assist him with such claim, see [DE-73]. As directed, the Government responded to Bean's motion on February 13, 2012 [DE-85], seeking dismissal of the § 2255 action.

On August 9, 2012, Bean's appointed counsel moved for leave to withdraw, advising that he and his client "differ on the wisdom of mounting a challenge to his status as [an armed career criminal] pursuant to his [Presentence Report]," and inviting appointment of substitute counsel, if appropriate. *See* Motion [DE-87]. For good cause, the court allowed the motion to withdraw. *See* Order [DE-88]. Shortly thereafter, Bean filed, in letter form, the instant Motion to Appoint substitute counsel. *See* Motion [DE-89].

This court's examination of Bean's § 2255 motion, together with the contents of the record in his case, lead to the irrefutable conclusion that the Court of Appeals' ruling in the

*Simmons* case does not affect the validity of Bean's conviction or the length of his sentence. *Simmons* was concerned with construction and application of the North Carolina Structured Sentencing Act, and the efficacy of "felony" convictions and sentences thereunder to form predicates for certain federal convictions or sentencing enhancements. The *Simmons* analysis does not affect pre-Structured Sentencing convictions and sentences, and each of Bean's predicate convictions pre-dated the Structured Sentencing Act, effective October 1, 1994. The most recent of Bean's prior convictions listed in his Presentence Report was dated January 12, 1994, which was for a term of 20 years imprisonment was imposed. Because "*Simmons* is tied to the 'unique statutory regime,' mandated by the North Carolina Structured Sentencing Act," Government's Memo [DE-86], p. 6 (quoting *Simmons*, 649 F.3d at 240), and Bean's Presentence Report revealed no post-Structured Sentencing Act convictions, *Simmons* provides no relief to Bean in this case.

Additionally, to the extent Bean seeks to pursue non-*Simmons* grounds for § 2255 relief, his motion is untimely as barred by the applicable statute of limitations, *see* § 2255(f)(1), and his waiver of his right to collaterally attack his conviction or sentence in his Memorandum of Plea Agreement [DE-50], ¶ 2c. For the foregoing reasons, therefore, the Government's Motion to Dismiss [DE-85] is ALLOWED and Bean's § 2255 motion [DE-72] is DISMISSED. Bean's Motion for Appointment of substitute counsel [DE-89] is DENIED as moot.

Also pending is a motion, filed on October 12, 2011, entitled "Motion for Appropriate Correction to the Record" [DE-68]. Bean had written to chambers concerning certain particulars of his sentence. He did not recall that his plea agreement included Counts One and Three of the Superseding Indictment, and that he pled guilty to both a drug conspiracy and to a count of possession of a firearm by a felon . Bean's status as an armed career criminal by virtue of his previously having been convicted of two violent felonies increased the statutory maximum sentence for the gun charge to life imprisonment with a mandatory minimum sentence of fifteen

2

years, pursuant to 18 U.S.C. § 924(e). Bean was advised by the undersigned of the charges during his Rule 11 hearing, the maximum and minimum terms of imprisonment therefor, and other consequences of pleading guilty. The provisions for punishment also were contained in his Memorandum of Plea Agreement. As explained in the court's August 2, 2011, letter responding to Bean's inquiry about his sentence, "[a]lthough your advisory Guideline Range was 360 months to life imprisonment, you in fact were sentenced on September 16, 2008, to only 180 months imprisonment, which consisted of 180 months on each of Counts One and Three, to run concurrently, or 'together.' " Bean was mistaken in his recollection of his plea and sentence.

## Summary

Bean's "Motion for Appropriate Correction to the Record" [DE-68] is DENIED as factually unsupported. The Government's Motion to Dismiss [DE-85] is ALLOWED. Bean's § 2255 motion [DE-72] is DISMISSED, and his Motion for Appointment of substitute counsel [DE-89] is DENIED as moot.

SO ORDERED.

This, the 22⁻ᵈ day of August, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge