IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-297-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIE JAMES BEAN | ) | |

This matter is before the court on Defendant Willie James Bean's letter of May 26, 2015 [DE-122], which the court construes as a motion for clarification. In his letter, the defendant expresses concerns regarding his fifteen year sentence. He believes that his fifteen year sentence resulted from his conviction for being a felon in possession of a firearm. He asserts that the government dismissed this charge on October 1, 2005. Without that conviction, he asserts that his sentence would have been only ten years imprisonment.

The court has reviewed the record and finds as follows. The government charged the defendant in a four-count indictment on on October 3, 2007. *See* Indictment [DE-1]. Thus, the alleged 2005 dismissal of the felon in possession charge, even if true, would predate and not pertain to the 2007 indictment. On March 26, 2008, the government filed a superseding five-count indictment. *See* Superseding Indictment [DE-43]. On May 27, 2008, the defendant pled guilty to counts one and three of the superseding indictment pursuant to a plea agreement.

Count One of the Superseding Indictment charged the defendant with conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base. *Id.* at 1. The penalty for that charge was not less than ten years and up to life imprisonment. Count Three of the Superseding Indictment charged the defendant with being a felon in possession of a firearm. *Id.* at 2. The penalty for that charge was not less than fifteen years and up to life

imprisonment. The sentencing guidelines indicated a sentence of thirty years and possibly up to life imprisonment on each count, to run concurrently.

Despite the defendant's contention to the contrary, the Superseding Indictment charge of being a felon in possession of a firearm was never dismissed. Indeed, the defendant pled guilty to that charge as well as to the charge of conspiracy to distribute cocaine base. The defendant contends that he would have received a sentence of only ten years had he not been convicted of the felon in possession of a firearm charge. While it is true that the court advised the defendant that the distribution charge would carry a *minimum* sentence of ten years, he was never told that he would be sentenced to ten years imprisonment without the accompanying felon in possession charge. The defendant was previously advised of these facts in both a letter of August 2, 2011, as well as in the court's Order denying the defendant's § 2255 motion. *See* Order of August 23, 2012 [DE-90] at 2-3. The defendant was properly sentenced to fifteen years imprisonment, well beneath the advisory guideline range of thirty years to life imprisonment.

SO ORDERED.

This, the 3rd day of June, 2015.

James C. Fox
JAMES C. FOX
Senior United States District Judge

2

Case 5:07-cr-00297-F   Document 123   Filed 06/04/15   Page 2 of 2