IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-00297-F-1
No. 5:16-CV-00262-F

| | |
|---|---|
| WILLIE JAMES BEAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-151] Willie James Bean's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-147]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is DENIED without prejudice.

## I. Factual and Procedural Background

On October 3, 2007, Bean was charged in a four-count indictment. *See* Indictment [DE-1]. Bean was charged in a five-count superseding indictment on March 26, 2008. *See* Superseding Indictment [DE-43]. In Count One, Bean was charged with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. *See id.* Counts Two and Four charged Bean with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.* In Counts Three and Five, Bean was charged with possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See id.*

At Bean's arraignment, held on May 27, 2008, he pled guilty to Counts One and Three,

pursuant to a written plea agreement [DE-50]. It was agreed that at sentencing, the Government would move to dismiss Counts Two, Four, and Five. *Id.* at 8.

Bean's sentencing hearing was held on September 16, 2008. Bean was sentenced to 180 months, which consisted of 180 months on Count One and 180 months on Count Three, to run concurrently. *See* Judgment [DE-54]. Bean did not file a direct appeal.

On November 2, 2011, Bean filed his first Motion to Vacate under 28 U.S.C. § 2255 [DE-72]. This court dismissed the Motion to Vacate on August 23, 2012. Bean filed a Notice of Appeal [DE-95]. In an unpublished opinion, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. *See* Unpublished Opinion [DE-99]. Bean filed a second Motion to Vacate under 28 U.S.C. § 2255 [DE-125] on July 6, 2015. On December 23, 2015, the Motion to Vacate was dismissed.

Bean received authorization from the Fourth Circuit to file a second or successive § 2255 motion on May 16, 2016. On May 17, 2016, Bean's appointed counsel[1] filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-147]. In his sole claim, Bean alleges that in light of *Johnson v. United States*, 125 S. Ct. 2551 (2015), he no longer qualifies for sentencing under the Armed Career Criminal Act ("ACCA"). *Id.* at 4. In particular, Bean contends that his prior North Carolina convictions for assault with a deadly weapon and assault with a deadly weapon inflicting serious injury are no longer valid predicate convictions. *Id.*

On July 1, 2016, the Government filed a Motion to Dismiss [DE-151], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can

---

[1] Bean was appointed counsel pursuant to Standing Order No.15-SO-2 (E.D.N.C. Oct. 16, 2015).

2

be granted. The Government argues that removal of Bean's ACCA status would only alter his 180-month sentence under Count Three, which was imposed *concurrently* with the 180-month sentence imposed in Count One, and would not change his sentence. Mem. Supp. [DE-152] at 3. The Government requests that this court dismiss Bean's § 2255 motion and not resentence him. *Id.*

Bean's appointed counsel filed a Response in Opposition [DE-154] on July 18, 2016. Bean points out that he received an enhanced sentence under the Career Offender provisions of the United States Sentencing Guidelines, which was based on his prior convictions for assault set forth in the Presentence Report at paragraphs 29 and 30. *Id.* at 2 n.1. Bean concludes that his sentence was impacted by both the ACCA and the career offender enhancement; thus, he should be resentenced without both these enhancements. *Id.* at 8.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's

3

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

At the outset, the court will address the Federal Public Defender's argument that Bean's sentence enhancement under the career offender provisions of the United States Sentencing Guidelines violates *Johnson*. Resp. Oppos. [DE-154] 6-7. This argument was not raised in Bean's § 2255 motion and was seen for the first time in Bean's Response in Opposition [DE-154]. The Government was not given an opportunity to address this argument. *See, e.g., Snyder v. United States*, 263 F. App'x 778, 779 (11th Cir. 2008) (affirming the district court's decision not to specifically address a new claim advanced for the first time in a § 2255 reply brief); *Touchcom, Inc. v. Bereskin & Parr*, 790 F.Supp.2d 435, 446 (E.D. Va. 2011) (citation omitted) (explaining "[t]ypically, courts will not consider an argument raised for the first time in a reply brief" as the "opposing party is prejudiced in its ability to respond to the new argument"). If Bean wants the court to address his career offender argument, he needs to move to amend his § 2255 motion to add this claim.

The Government has moved for this court to dismiss Bean's § 2255 motion and not resentence him, on the basis that removal of the ACCA status would not change his sentence. The court disagrees with the Government's assessment and believes that if Bean were entitled to

4

relief on the sole claim in his § 2255 motion, a resentencing hearing would be the more appropriate course of action. At a full resentencing hearing, counsel could argue their respective positions as to the proper application of the United States Sentencing Guidelines.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-151] is DENIED without prejudice. The United States Attorney is DIRECTED to file an Answer or make such other response as appropriate to Bean's § 2255 motion within **thirty (30)** days of the filing of this order.

SO ORDERED.

This 25th day of July, 2016.

*James C. Fox*
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

5